

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00436-CR

**EX PARTE JESSE THOMPSON**

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2023-MC-0127, Honorable John B. Board, Sitting by Assignment

March 20, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Jesse Thompson, appeals from the trial court's denial of his application for writ of habeas corpus, which sought to have Appellant's bail pending trial lowered. We affirm the denial of the application.

### BACKGROUND

Between May 30 and June 14, 2023, Appellant allegedly made various threats of violence, including death threats, against his mother, 99th Judicial District Court Judge Phillip Hays, law enforcement personnel, and the public. His brother filed multiple applications for emergency detention seeking to have Appellant taken into custody before

he harmed someone. On June 25, Appellant was arrested. He was subsequently charged with the state jail felony offense of terroristic threat against a peace officer or judge[1] and Class A misdemeanor offense of terroristic threat against a family member.[2] Bail was set at $150,000 for the felony offense and $50,000 for the misdemeanor.[3]

On October 10, 2023, Appellant filed an application for writ of habeas corpus seeking a bail reduction. At the hearing on the motion, the State admitted evidence that Appellant had made multiple threats of violence, including death threats, to both his mother and Judge Hays as well as to the general public. The evidence also established that Appellant continued to make these threats while he was being held awaiting trial. Appellant admitted a letter from a friend that, if Appellant were to be released, he would have a job and a place to live. Appellant did not, however, offer any evidence establishing that he was unable to post the current bail or the amount of bail he could post. At the close of the hearing, the trial court denied the application and determined that "the current bond is not excessive . . . ."[4]

From this ruling, Appellant timely appealed. His sole issue contends that the trial court erred by denying his application for writ of habeas corpus and holding that bail was not excessive.

---

[1] *See* TEX. PENAL CODE ANN. § 22.07(c-1).

[2] *See* TEX. PENAL CODE ANN. § 22.07(c)(1).

[3] There is no order in the clerk's record setting bail in these amounts. The indictment in the felony indicates that bail was "set by judge," but does not expressly identify the amount. The complaint and information in the misdemeanor indicate that bail was set at $50,000 for that case. Regardless, the parties agree that these were the bail amounts that Appellant sought to have lowered.

[4] The trial court also added additional bail conditions by its ruling, but Appellant does not challenge these conditions by this appeal.

## LAW

We review the trial court's ruling regarding bail under an abuse of discretion standard. *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013); *Ex parte McManus*, 618 S.W.3d 404, 406 (Tex. App.—Amarillo 2021, no pet.). A trial court abuses its discretion in setting the amount or conditions of bail if it acts without reference to guiding rules and principles. *Ex parte McManus*, 618 S.W.3d at 407. We will not disturb a decision of the trial court that is within the zone of reasonable disagreement. *Id.*

"The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand for trial and submit to sentence if convicted." *Ex parte Durst*, 148 S.W.3d 496, 498 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (op. on reh'g). In determining the amount of bail to set, the trial court is guided by the following rules: (1) the bail should be sufficiently high to give reasonable assurance that the undertaking will be complied with; (2) the power to require bail is not to be so used as to make it an instrument of oppression; (3) the nature of the offense and the circumstances under which it was committed are to be considered; (4) the ability to make bail is to be considered; (5) the future safety of a victim of the alleged offense and the community shall be considered; (6) the defendant's criminal history record shall be considered; and (7) the citizenship status of the defendant shall be considered. TEX. CODE CRIM. PROC. ANN. art. 17.15; *see also Ex parte Walker*, No. 07-22-00048-CR, 2022 Tex. App. LEXIS 4136, at *4–5 (Tex. App.—Amarillo June 16, 2022, no pet.) (mem. op., not designated for publication). Relevant facts to be considered in determining the amount of bail include the accused's work record; family and community ties; length of residency; previous criminal record; conformity with the conditions of any previous bail; the existence of outstanding bails; any

3

aggravating circumstances alleged to have been involved in the charged offense; and the range of punishment for the charged offense. *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981). While the ability to make bail is a factor to be considered in setting bail, ability alone does not control the amount of bail that is appropriate. *Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980).

Appellant bears the burden of proving that the bail set by the trial court is excessive. *Ex parte Rubac*, 611 S.W.2d at 849; *Ex parte McManus*, 618 S.W.3d at 407. "On appellate review, it is the duty of the reviewing court to measure the ultimate ruling of the habeas court against the relevant bail factors to ensure that the court did not abuse its discretion." *Ex parte Dixon*, No. PD-0398-15, 2015 Tex. Crim. App. Unpub. LEXIS 659, at *6 (Tex. Crim. App. Sept. 16, 2015) (not designated for publication).

**ANALYSIS**

By his sole issue, Appellant contends that the trial court abused its discretion by denying Appellant's application for writ of habeas corpus and concluding that bail was not excessive. Appellant's bail was set by the trial court in the amounts of $150,000 for the state-jail felony (terroristic threat against peace officer/judge) and $50,000 for the misdemeanor (terroristic threat of family/household).

At the conclusion of the bail reduction hearing, the trial court properly noted that there was no evidence before it establishing that Appellant was unable to post the current

4

bail nor was there any evidence regarding the amount of bail he could post.[5] *See Ex parte Toppings*, 422 S.W.2d 459, 460 (Tex. Crim. App. 1968) (in the absence of evidence that appellant made efforts to meet previously set bail, a "complaint of excessive bail is not presented"). Further, Appellant is charged with the offenses of terroristic threat against a judge and a family member. The State offered evidence that showed that Appellant's own brother filed an application for emergency detention based on Appellant's threats toward family members, police, and bystanders and possession of a firearm. The charges against Appellant are based on text messages where he specifically threatened to kill his mother and Judge Hays. A recording of a phone conversation between Appellant and his mother while Appellant was incarcerated for the instant offenses contain threats that he would "shoot" public officials by whom he felt aggrieved and he "dar[ed] them to let [him] out." He also threatened to "break their . . . necks." Such threats, while incarcerated, evince that Appellant is a danger to the victims of the offenses for which he is charged as well as to the community at large. *See Ex parte Rean*, No. 03-09-00032-CR, 2009 Tex. App. LEXIS 7175, at *18–21 (Tex. App.—Austin Aug. 26, 2009, no pet.) (mem. op., not designated for publication) (refusal to reduce $250,000 bail not abuse of discretion when record revealed appellant made threats to kill and bury the victim, had a propensity for violence, and possessed firearms). We acknowledge that Appellant did offer evidence that he would have a job and a place to live if he were to be released on bail. However, when we consider all the evidence relevant to the amount of bail, we

---

[5] Appellant contends that the trial court "fixated on the lack of testimony regarding Appellant's ability to make bail" rather than weighing all of the factors relevant to setting bail. However, the trial court stated, "I have considered all the factors, particularly . . . the danger to society, and the danger to the particular named victim . . . in this case, as well as others."

cannot conclude that the trial court abused its discretion in denying Appellant's request to reduce the amount of bail.  We overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's denial of Appellant's application for writ of habeas corpus.


Judy C. Parker
Justice

Do not publish.